IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02052-PAB

UNITED SPECIALTY INSURANCE COMPANY, a Texas corporation,

　　Plaintiff,

v.

ANOKI CREAGER, an individual
LAURA CREAGER, as Parent of and P.O.A. for Anoki Creager, an individual,
RAPID FIRE DELIVERY, LLC, a Colorado limited liability company,
ONTRAC LOGISTICS, INC., f/k/a Express messenger Systems, d/b/a Ontrac, a Delaware corporation, and
JONATHAN RODRIGUEZ, an individual,

　　Defendants.

## ORDER

　　The Court takes up this matter *sua sponte* on review of the docket. Plaintiff United Specialty Insurance Company ("United") asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 11.

　　In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second,

regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  United asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 3, ¶ 11.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260.

Courts are to consider the "totality of the circumstances" to determine a party's domicile.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").

Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, non-conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of defendant Jonathan Rodriguez are not well-pled.  The complaint states, "[d]efendant J. Rodriguez is a natural person and, upon information and belief, at all pertinent times was, and remains, a resident and citizen of the State of Colorado with a last known address of 19007 E. 51st Place, Denver, Colorado 80249."  Docket No. 1 at 3, ¶ 8.  The Court reads plaintiff's averment "on information and belief" to mean that plaintiff does not have affirmative knowledge of Mr. Rodriguez's citizenship.  Such an allegation, therefore, cannot confer subject matter jurisdiction over this case.  *See W. Bldg. Grp., LLC v. Auto-Owners Ins. Co.*, No. 19-cv-01632-PAB, 2019 WL 2865381, at *1 (D. Colo. July 3, 2019) (finding allegations of citizenship of LLC members based "[u]pon information and belief" insufficient to confer subject matter jurisdiction); *Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of

[defendant's] members without resorting merely to their 'information and belief' as to the same").

United's difficulties in serving Mr. Rodriguez cast his citizenship further into doubt. In its motion for an extension of time to serve Mr. Rodriguez, United submits that it received information that Mr. Rodriguez does not reside at the E. 51st Place address, has never paid rent there, and does not "use that address for mailing purposes or legal documents." Docket No. 24 at 3, ¶¶ 8-9. United claims that Mr. Rodriguez testified in a related case that he resides at that address, *id.*, ¶ 8, but Mr. Rodriguez did not answer or otherwise respond to the legal documents that United mailed to that address. Docket No. 37 at 2, ¶ 4.

Because the allegations regarding Jonathan Rodriguez's citizenship are not well-pled, the Court is unable to determine whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).

It is therefore

**ORDERED** that, on or before **March 16, 2023**, United shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED March 3, 2023.

BY THE COURT:

_[signature]_

PHILIP A. BRIMMER
Chief United States District Judge